UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RASHAD BEY, *aka* ANTHONY GUESS,

      Plaintiff,

      v.                                    Civil Action No. 21-10410-ADB

COMMONWEALTH OF
MASSACHUSETTS,

      Defendant.

MEMORANDUM AND ORDER

BURROUGHS, D.J.

      On March 9, 2021, the Court dismissed this action after plaintiff Rashad Bey failed to respond to the Court's order to resolve the fee. The case was later reopened after Bey represented to the Court that, due to his release from jail, he had not received a copy of the Court's order in time to meet the deadline for compliance. For the reasons stated below, the Court will grant the motion for leave to proceed *in forma pauperis* and order that this action be dismissed.

**I.    Motion for Leave to Proceed *in Forma Pauperis***

      Upon review of Bey's motion for leave to proceed *in forma pauperis* (ECF #8), the Court concludes that Bey has adequately shown that he is unable to pay the $402 filing fee. Accordingly, the motion is GRANTED.

**II.    Review of the Complaint**

      Under 28 U.S.C. § 1915(e)(2), the Court may conduct a preliminary review the complaint of a plaintiff proceeding *in forma pauperis* and may dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages

from a defendant that is immune from such relief.  In addition, the Court is required to examine its own jurisdiction in every case.

In his complaint, Bey claims that he was wrongfully arrested, wrongfully being held in detention, and being mistreated at the jail.[1]  He seeks $50 million in damages.  The Commonwealth of Massachusetts is the only named defendant.

The Court is without jurisdiction to entertain this action.  The Eleventh Amendment of the United States Constitution generally is recognized as a bar to suits in federal courts against a State, its departments and its agencies, unless the State has consented to suit or Congress has overridden the State's immunity.  *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007).  Here, the Court cannot discern any claim for relief for which the Commonwealth of Massachusetts has waived its immunity or Congress has overridden it.  Therefore, the Court does not have jurisdiction to require the Commonwealth to respond to Bey's complaint.

Further, even if the Commonwealth's Eleventh Amendment immunity was not a bar to this action, Bey cannot bring a civil action against the Commonwealth for violations of his constitutional rights.  Claims for violations of federal rights by state actors must be brought under 42 U.S.C. § 1983.  This statute provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983 ("§ 1983").  However, "neither a State nor its officials acting in their official capacities are 'persons' under

---

[1] Bey has since been released.

§ 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In other words, a plaintiff may pursue a § 1983 claim against state actors directly involved in a constitutional violation, but the plaintiff cannot bring a § 1983 claim against the state itself.[2]

Bey included with his complaint a "Notice of Removal." This document does not have any effect in this Court. Under 28 U.S.C. § 1443, the following classes of prosecutions may be removed by the defendant to federal court: (1) a prosecution "[a]gainst any person who is denied or cannot enforce" in state court "a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof"; and (2) a prosecution "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(1)-(2). The criminal proceedings against Bey do not fall into either category. Bey's allegations do not provide the Court any basis to believe that he cannot enforce his federal rights in a state forum. *See City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966) (prosecutions are removable under § 1443(1) only in "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court"). Further, Bey cannot avail himself of § 1443(2) because his is not being prosecuted for

---

[2] The dismissal of this action does not preclude Bey from bringing a separate action under § 1983 against individual state actors who violated his constitutional rights. The Court takes no position whether Bey should pursue such an action. The Court notes that, in general, federal district courts abstain from exercising jurisdiction over claims implicating a pending state criminal action. *See In re Justices of Superior Court Dep't of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) ("Federal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971))).

an "act under color of authority." Thus, the Court does not have subject matter jurisdiction over this purported removal.

### III.     Conclusion

Accordingly, the Court <u>GRANTS</u> the motion for leave to proceed *in forma pauperis* and orders that this action be <u>DISMISSED</u> for lack of jurisdiction and failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

| | |
|---|---|
|  4/5/2022 | /s/ Allison D. Burroughs |
| DATE | UNITED STATES DISTRICT JUDGE |